UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| NANCY VELEY, | ) | |
|            Plaintiff, | ) | |
| vs. | ) | 2:11-cv-01284-RCJ-RJJ |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT et al., | ) | **ORDER** |
|            Defendants. | ) | |

This case arises out of alleged excessive force during an arrest and further abuse by the police during pre-conviction detention. Defendant Naphcare, Inc. has moved to dismiss, and Defendant Las Vegas Metropolitan Police Department ("LVMPD") has joined the motion. For the reasons given herein, the Court grants the motion and LVMPD's joinder thereto.

**I.  FACTS AND PROCEDURAL HISTORY**

On March 14, 2010, an LVMPD officer pulled Plaintiff Nancy Veley over on suspicion of driving while intoxicated. (Compl. ¶ 17, Aug. 9, 2011, ECF No. 1). When Plaintiff had trouble using the breathalizer, the officer arrested her and took her to the Clark County Detention Center ("CCDC"). (*Id.*).

At CCDC, officers immediately put Plaintiff into a restraint chair and spit hood and began to verbally abuse her, telling her she looked like a man. (*Id.*). Officers denied her the

opportunity to use the restroom, telling her to urinate on herself. (*Id.*). At one point, during an argument over whether she could refuse a blood test, one officer pulled Plaintiff's head back, cupped his hand over her neck, and squeezed, choking her to the point where she could not breathe. (*Id.*). Officers continued to tell Plaintiff she looked like a man and that she was a prostitute. (*Id.*). A female officer dug her nails into Plaintiff's neck during an attempt to draw blood and told her that she could not satisfy a man because she "had no titties." (*Id.*). After approximately two-and-a-half hours in the restraining chair, officers took Plaintiff to a holding tank, where she remained for another hour, still handcuffed. (*Id.* ¶ 18). Finally, an officer removed the handcuffs, telling Plaintiff to stand against the wall and spread her legs. (*Id.*). The officer became upset that Plaintiff did not spread her legs far enough apart, so he slammed her to the ground, put his knee into her back, and told her to stop struggling. (*Id.*). He then put Plaintiff back into the restraining chair. (*Id.*). Another officer then choked her again. (*Id.*). Officers put the spit mask back on when one of them claimed Plaintiff was trying to bite him. (*Id.*). The officer recording the event then stood on Plaintiff's foot and kicked her leg, leaving bruises. (*Id.*). Plaintiff remained in the chair until shift change, after which there was no more physical abuse. (*Id.*). After shift change, officers fingerprinted and photographed Plaintiff, let her out of the restraint chair after a couple of hours, and put her into a holding cell alone. (*Id.*).

Plaintiff spoke to a nurse when officers took her to get a "TB shot" (likely meaning a tuberculosis skin test), and she asked if she could have a rag or alcohol wipe for her wrist and neck. (*Id.*). The nurse did not respond. (*Id.*). The nurse also ignored Plaintiff's scratches and bruises. (*Id.*).

Plaintiff sued LVMPD and Naphcare on eight causes of action: (1) Substantive Due Process Violations under 42 U.S.C. § 1983; (2) *Monell* liability (presumably as to all § 1983 claims); (3) Failure to Train and Supervise under § 1983; (4) Conspiracy under § 1983; (5)

Negligent Supervision and Training; (6) Negligence; (7); Intentional Infliction of Emotional Distress ("IIED"); and (8) Gross Negligence. All causes of action are brought against LVMPD and Naphcare, except the eighth, which is brought against Naphcare alone. Naphcare has moved to dismiss for failure to state a claim.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the

complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted).  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

**III.   ANALYSIS**

First, the Court notes that Naphcare is not alleged to have had any control over the LVMPD officers' actions, and it therefore cannot possibly be liable for any conduct except that of its own employees.  Although it argues against all claims out of caution, Naphcare is only potentially implicated under the claims for negligence, gross negligence, IIED, or excessive force based upon its nurse's refusal to provide a rag for Plaintiff to wipe her neck with or to immediately treat her scratches and bruises.

Plaintiff alleges that Naphcare breached its duty of reasonable care in treating Plaintiff.  Plaintiff's state law claim fail for lack of harm.  Plaintiff alleges no harm resulting from the alleged lack of care.  Furthermore, as Naphcare notes, as a government contractor it is entitled to discretionary immunity against state law claims under Nevada Revised Statutes section 41.032.  *See Trujillo v. Powell*, No. 3:10-cv-00360- RCJ-VPC, 2011 WL 3419504, at *5–9 (D. Nev. Aug. 2, 2011) (Jones, J.).  Whether a bruise or scratch requires immediate first aid is well within the discretion of a nurse. *See id.* (citing *Ransdell v. Clark County*, 192 P.3d 756, 763 (Nev. 2009);

1 *Martinez v. Maruszczak*, 168 P.3d 720, 722 (Nev. 2007) (citing *Berkovitz v. United States*, 486
2 U.S. 531 (1988); *United States v. Gaubert*, 499 U.S. 315 (1991))). The state discretionary
3 immunity statute cannot protect Naphcare from a federal claim, but Plaintiff has not pled facts
4 indicating that the nurse's alleged lack of treatment was objectively sufficiently serious to rise to
5 the level of deliberate indifference or excessive force.

6 Finally, LVMPD has joined the motion. At the hearing, LVMPD noted that it had only
7 joined the motion to note that there was no Fifth Amendment claim and that the excessive force
8 claim applied only under the Fourth Amendment (as incorporated under the Fourteenth
9 Amendment, because the incident at issue involved pre-arraignment conduct. The Court agrees.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 10) is GRANTED. Naphcare is dismissed as a Defendant, though some claims remain against LVMPD.

IT IS SO ORDERED.

Dated this 24th day of February, 2012.

_____
ROBERT C. JONES
United States District Judge