UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NANCY VELEY, | Case No. 2:11-cv-01284-MMD-RJJ |
| Plaintiff, | |
| v. | ORDER |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al., | (Def.'s Motion for Attorneys' Fees – Dkt. no. 33) |
| Defendants. | |

    Before the Court is Defendant NaphCare, Inc.'s ("NaphCare") Motion for Attorneys' Fees. (Dkt. no. 33.) For reasons discussed below, the Motion is denied.

    This case arises out of alleged excessive force during an arrest and further abuse by the police during pre-conviction detention[1]. Plaintiff Nancy Veley asserted claims against LVMPD and Naphcare. Naphcare sought dismissal under Rule 12(b)(6), which was granted. Naphcare has now moved for attorneys' fees under 42 U.S.C. § 1988 in the amount of $12,020.00.

    A prevailing party may be awarded reasonable fees in relation to the prosecution of a federal civil rights claim. 42 U.S.C. § 1988(b). A prevailing defendant's award of attorney's fees is not routine or warranted simply because he succeeds. *See*

---

[1] The facts are recited in more details in the Court's Order granting NaphCare's motion to dismiss ("Dismissal Order") (Dkt. no. 32).

*Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978). Rather, a prevailing defendant should be awarded attorney's fees only when the plaintiff's claims are "groundless, without foundation, frivolous, or unreasonable." *McCarthy v. Mayo*, 827 F.2d 1310, 1318 (9th Cir. 1987). "A case may be deemed frivolous only when the 'result is obvious or the . . . arguments of error are wholly without merit.'" *Karam v. City of Burbank*, 352 F.3d 1188, 1195 (9th Cir. 2003) (*quoting McConnell v. Critchlow*, 661 F.2d 116, 118 (9th Cir. 1981)).

NaphCare argues that Plaintiff's failure to allege sufficient facts in the Complaint shows unequivocally that the claims were groundless, without foundation, frivolous, or unreasonable. As support, NaphCare relies exclusively on the Dismissal Order. However, NaphCare's reading of this Court's holding is too broad. The Dismissal Order found that Veley's Complaint was factually deficient, not necessarily that the claims were meritless. In fact, the claims against NaphCare were dismissed without prejudice. The insufficiency of facts alleged in the Complaint does not inherently make the claim frivolous, unreasonable, or without foundation as NaphCare suggests. Therefore, an attorneys' fees award is not warranted.

IT IS THEREFORE ORDERED that Defendant NaphCare, Inc.'s Motion for Attorneys' Fees (dkt. no. 33) is DENIED.

DATED THIS 20th day of September 2012.

_____
UNITED STATES DISTRICT JUDGE