1

2

3

4

5

6

7                            UNITED STATES DISTRICT COURT

8                                 DISTRICT OF NEVADA

9                                         * * *

10   NANCY VELEY,                              Case No. 2:11-cv-01284-MMD-RJJ

11                          Plaintiff,

12         v.                                                    ORDER

13   LAS VEGAS METROPOLITAN POLICE            (Def.'s Motion for Attorneys' Fees –
     DEPARTMENT, et al.,                              Dkt. no. 33)
14

15                         Defendants.

16

17         Before   the   Court   is   Defendant   NaphCare,   Inc.'s   ("NaphCare")   Motion   for

18   Attorneys' Fees.  (Dkt. no. 33.)  For reasons discussed below, the Motion is denied.

19         This case arises out of alleged excessive force during an arrest and further abuse

20   by  the  police  during  pre-conviction  detention[1].   Plaintiff  Nancy  Veley  asserted  claims

21   against LVMPD and Naphcare.  Naphcare sought dismissal under Rule 12(b)(6), which

22   was granted.  Naphcare has now moved for attorneys' fees under 42 U.S.C. § 1988 in

23   the amount of $12,020.00.

24         A prevailing party may be awarded reasonable fees in relation to the prosecution

25   of a federal civil rights claim.  42 U.S.C. § 1988(b).  A prevailing defendant's award of

26   attorney's  fees  is  not  routine  or  warranted  simply  because  he  succeeds.   *See*

27   _____

28         [1]The facts are recited in more details in the Court's Order granting NaphCare's
     motion to dismiss ("Dismissal Order") (Dkt. no. 32).

1   *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978).  Rather, a prevailing

2   defendant should be awarded attorney's fees only when the plaintiff's claims are

3   "groundless, without foundation, frivolous, or unreasonable."  *McCarthy v. Mayo*, 827

4   F.2d 1310, 1318 (9th Cir. 1987).  "A case may be deemed frivolous only when the 'result

5   is obvious or the . . . arguments of error are wholly without merit.'"  *Karam v. City of

6   Burbank*, 352 F.3d 1188, 1195 (9th Cir. 2003) (*quoting McConnell v. Critchlow*, 661 F.2d

7   116, 118 (9th Cir. 1981)).

8          NaphCare argues that Plaintiff's failure to allege sufficient facts in the Complaint

9   shows unequivocally that the claims were groundless, without foundation, frivolous, or

10  unreasonable. As support, NaphCare relies exclusively on the Dismissal Order.

11  However, NaphCare's reading of this Court's holding is too broad.  The Dismissal Order

12  found that Veley's Complaint was factually deficient, not necessarily that the claims were

13  meritless.  In fact, the claims against NaphCare were dismissed without prejudice.  The

14  insufficiency of facts alleged in the Complaint does not inherently make the claim

15  frivolous, unreasonable, or without foundation as NaphCare suggests.  Therefore, an

16  attorneys' fees award is not warranted.

17         IT IS THEREFORE ORDERED that Defendant NaphCare, Inc.'s Motion for

18  Attorneys' Fees (dkt. no. 33) is DENIED.

19         DATED THIS 20th day of September 2012.

20

21

22                                    _____

                                      UNITED STATES DISTRICT JUDGE

23

24

25

26

27

28